NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH VANSCHAIK and DENISE VANSCHAIK, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civ. No. 08-3710 (DMC) (JAD) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon Defendant Allstate Insurance Company's ("Allstate") motion for summary judgment pursuant Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs Joseph and Denise VanSchaik ("Plaintiffs") filed a Complaint asserting claims against Allstate for breach of contract after they were denied flood insurance benefits for structural damage to their home. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Defendant's motion is **granted**.

**I. BACKGROUND**[1]

Plaintiffs are the owners of a house in Fairfield, New Jersey (the "Property"). Compl. ¶ 3. Sometime between April 16 and 17, 2007 the house flooded, resulting in damage to a basement wall and the garage floor. Compl. ¶ 6; Pls.'s Certif. ¶¶ 6, 9. The Property was covered by a Standard

---

[1] The facts in the Background section have been taken from the parties' submissions.

Flood Insurance Policy ("SFIP") issued by Allstate pursuant to the National Flood Insurance Program. Compl. ¶ 4, 5.² As a result of the flood damage, Plaintiffs filed for insurance benefits.

After Plaintiffs promptly notified Allstate of the flooding, Allstate sent an adjuster to Plaintiffs' home on April 25, 2007 to assess the damage and assist Plaintiffs with presenting their claim. Pls.'s Certif. ¶ 11. The adjuster recommended that the total net covered flood damages to the building amounted to $7,425.41. Def.'s Br. 4. Allstate sent a Proof of Loss form to Plaintiffs sometime in mid-June that reflected the adjuster's recommendations. Pls.'s Certif. ¶¶ 27, 28. The "net amount claimed" was listed as $7,056.23, after $369.18 was subtracted for "applicable depreciation." Pls.'s Certif. Ex. K, at 1. Though Plaintiffs believed they were owed more than the amount indicated on the Proof of Loss form, Mrs. VanSchaik signed the form; it was received by Allstate on June 23, 2007. Pls.'s Certif. ¶ 29. Plaintiffs also signed and returned a Non-Waiver agreement. Pls.'s Certif. ¶ 30-32. Following receipt of the Proof of Loss form, Allstate issued Plaintiffs two checks totaling $7,425.41 on July 25, 2007, an amount higher than that listed on the Proof of Loss form. Pls.'s Certif. ¶ 35.

Plaintiffs were displeased with what they believed was an insufficient assessment of their damages by the adjuster and so they retained their own structural engineer to determine the scope of structural repairs that needed to be performed on a cracked wall and damaged garage floor slab. Pls.'s Certif. ¶¶ 15, 31. The engineer completed his report on June 18, 2007 and Plaintiffs forwarded the report to Allstate on July 6, 2007. Pls.'s Certif. ¶¶ 27, 35. Thus, when Plaintiffs submitted their

---

² The National Flood Insurance Program is administered by the Federal Emergency Management Agency ("FEMA") and the Federal Insurance Mitigation Administration. It is designed to provide access to affordable flood insurance. See 42 U.S.C. §§ 4001 & 4002 (2006); Suopsys v. Omaha Prop. & Cas., 404 F.3d 805, 807 (3d Cir. 2005).

Proof of Loss form, negotiations regarding this structural damage were ongoing and this damage assessment was not included on that form. Pls.'s Certif. ¶¶ 37-40. Allstate sent their own engineer to the Property on August 2, 2007 to assess the structural damage and the engineer's report was issued on August 23, 2007. Pls.'s Certif. ¶¶ 39, 40. Based on their engineer's report, Allstate denied Plaintiffs' claim for the remaining damage on August 27. Pls.'s Certif. ¶ 42. Allstate never informed Plaintiffs that they needed to complete a proof of loss statement for the structural damage. Pls.'s Br. 4. Plaintiffs appealed to FEMA on October 20, 2007 and their appeal was denied via a letter decision on December 11, 2007. Pls.'s Certif. ¶¶ 42, 43. FEMA's letter did not address Plaintiffs' failure to file a proof of loss for the structural damage. Pls.'s Certif Ex. R. Plaintiffs do not contest that they never submitted a signed and sworn proof of loss statement for the damages alleged in the present suit. Pls.'s Br. 1.

## II. STANDARD OF REVIEW

"A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Gaston v. U.S. Postal Serv., 319 Fed. Appx. 155, 157 (3d Cir. 2009). However, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Generally, "[a] party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim" at any time "until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b), (c). "[T]he burden on the moving party may be

discharged by 'showing'— that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Cartrett, 477 U.S. 317, 325 (1986).  "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,] an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). If "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." See Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Id. (quoting Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888-89 (1990)). "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the pleadings." Schoch, 912 F.2d at 657.

### III. DISCUSSION

The SFIP is codified at 44 C.F.R. Pt. 61, App. A (2009). Disputes arising from a claim under a SFIP are governed by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001-4129, the regulations promulgated by FEMA, and federal common law. 44 C.F.R. Pt. 61, App. (A)(1), Art. IX; Suopys v. Omaha Prop. & Cas., 404 F.3d 805, 807 (3d Cir. 2005). The SFIP regulations require that a claimant "within 60 days after the loss, send [the insurance carrier] a proof of loss." 44 C.F.R. Pt. 61, App. A(1), Art. VII(J). A proof of loss must be sent within the required 60 days "even if the adjuster does not furnish the form or help [the claimant] complete it." Id. The Third Circuit has held that "strict adherence to SFIP proof of loss provisions, including the 60-day period for providing proof of loss, is a prerequisite to recovery under the SFIP." Suopsys, 404 F.3d at 810. Therefore, the failure of Plaintiffs to file a proof of loss for their structural damage within the designated period bars recovery. See, e.g., Miller v. Selective Ins. Co. of Am., No. 08-2296 (RBK/AMD), 2009 U.S. Dist. LEXIS 116332, at *12 (D.N.J. Dec. 15, 2009) ("An insured's failure to comply with the proof of loss provision bars recovery of an otherwise valid claim.").

Plaintiffs argue that despite their failure to file a proof of loss for the structural damage within 60 days of the flooding, they are entitled to insurance benefits because both Allstate and FEMA waived the 60-day proof of loss requirement. Pls.'s Br. 3. This argument is unpersuasive. The regulations specifically prohibit an insurance carrier from waiving any SFIP provision, except by express written consent from FEMA. 44 C.F.R. § 61.13(d) ("[N]o provision of said documents shall be altered, varied, or waived other than by the express written consent of [FEMA] through the issuance of an appropriate amendatory endorsement . . . ."); Suopsys, 404 F.3d at 810. Furthermore, Plaintiffs concede that "Allstate could only waive the Proof of Loss if the claim was for $7500 or

less," which is not the case here. Pls.'s Br. 5. Given the regulations, and Plaintiff's own concessions, there could not have been any waiver of the proof of loss requirement by Allstate. There also could not have been any waiver of the requirement by FEMA. Regulations and case law mandate that FEMA issue an express written waiver of any of the SFIP requirements. 44 C.F.R. § 61.13(d); Miller, 2009 U.S. Dist. LEXIS 116332, at *20 n.7 (noting in dicta that "FEMA's decision letter in no way addresses the timeliness issue. Accordingly, the FEMA letter cannot be said to expressly alter or waive the SFIP's proof of loss requirements."). Here, FEMA did not even mention the 60-day requirement in it's denial letter, therefore, there is no way that there could have been an express waiver of that provision.

Plaintiffs' assertions of equitable estoppel and substantial compliance must also fail. Plaintiffs are charged with knowing the law "'and may not rely on the conduct of Government agents contrary to law.'" Miller, 2009 U.S. Dist. LEXIS 116332, at *14-15 (quoting Heckler v. Cmty. Health Svs. Of Crawford County, Inc., 467 U.S. 51, 59 (1984)). The SFIP clearly requires submission of a proof of loss and so Plaintiffs should have known that a proof of loss was necessary to support their structural damage claims, despite the fact that Allstate adjudicated their claim as if a proof of loss had been filed. See Miller, 2009 U.S. Dist. LEXIS 116332, at * 17 (rejecting equitable estoppel argument even where record "supports conclusion that [insurance carrier's] misrepresentations amounted to bad advice, poor communication, and perhaps negligent claim handling"). And finally, the Third Circuit has rejected substantial compliance, requiring "strict adherence to SFIP proof of loss provisions." Suopys, 404 F.3d at 810.

## IV.  CONCLUSION

For the reasons stated, Defendant's motion seeking summary judgment is **granted**.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:          September  23 ,  2010
Orig.:         Clerk
cc:            All Counsel of Record
               Hon. Joseph A. Dickson, U.S.M.J.
               File